[922 NYS2d 113]

In the Matter of MICHAEL JOHN WYNNE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 19, 2011

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

*Michael John Wynne*, Flushing, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on February 14, 1972.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated December 28, 2009 containing one charge of professional misconduct. After a preliminary conference on February 18, 2010, and a hearing on March 22, 2010, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent has submitted an affidavit in opposition.

Charge one alleges that the respondent is guilty of professional misconduct in that he has been convicted of a crime, in violation of Code of Professional Responsibility DR 1-102 (a) (3) and (7) (22 NYCRR 1200.3 [a] [3], [7]).

On or about February 6, 2009, in the Criminal Court, New York County, the respondent pleaded guilty to endangering the welfare of a child, in violation of Penal Law § 260.10, a class A misdemeanor. He was sentenced to time served.

The respondent submitted an affidavit in opposition to the petition in which he vehemently denied all the allegations contained in the petition and expressed his belief that the hearing would support his position that the petition should be withdrawn as a matter of principle.

Inasmuch as the fact of the respondent's conviction is uncontroverted, the charge was properly sustained and the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee points out that the respon-

dent was previously publicly censured by this Court on June 4, 2001, as a result of a series of alcohol-related crimes and offenses in violation of the Vehicle and Traffic Law and his failures to file the records of those convictions with this Court within 30 days, as is required by Judiciary Law § 90 (4) (c). Between June 23, 1984 and September 24, 1999, the respondent entered pleas to five alcohol-related convictions.

Under the circumstances of this case, we find that the respondent's misconduct warrants his suspension from the practice of law for a period of six months.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and CHAMBERS, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Michael John Wynne, is suspended from the practice of law for a period of six months, commencing May 19, 2011 and continuing until further order of this Court, with leave to the respondent to apply for reinstatement one month prior to the expiration of said period, upon furnishing satisfactory proof that (1) during the said period he refrained from practicing or attempting to practice law, (2) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Michael John Wynne, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Michael John Wynne, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael John Wynne, has been issued a secure pass by the Office of Court Administration,

it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).